

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| EDGAR NELSON PITTS,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT A. HOOD, Warden,<br><br>    Respondent. | No. CV 03-5990-AHS (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

    Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Petition, the Magistrate Judge's Report and Recommendation, the Objections to the Report and Recommendation, and all records in the file.  Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

    In his Objections, Petitioner seeks to convert Ground Two into an ineffective assistance of counsel claim.  (Objections at 7.)  The Petition originally described the basis of Ground Two as "the admission of other crimes evidence violated Petitioner's federal constitutional right to due process." (Petition at 9.)  Petitioner may not raise a new ground in his Objections that was not set forth in his original petition.  See Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) ("("[A]llowing parties to litigate fully their case before the magistrate and, if

unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc) (per curiam), *cert. denied*, 507 U.S. 978 (1993); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."), *cert. denied*, 514 U.S. 1026 (1995).

Even if this Court were to consider Ground Two as an ineffective assistance of counsel claim, Petitioner would not be entitled to relief. Given that the evidence was admissible for the reasons stated in the Report and Recommendation, counsel is not deficient for failing to make futile arguments or motions. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir.), *cert. denied*, 513 U.S. 935 (1994). Nor has Petitioner shown a reasonable probability that the result of his trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In his Objections, Petitioner also submitted new evidence in the form of a trial transcript from another defendant's trial in support of Ground One, subclaim 2. Even if this Court were to exercise its discretion to consider new evidence, Petitioner would not be entitled to relief. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) ("a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation") (internal quotation marks and citations omitted). The trial transcript confirms that the testimony cited by Petitioner referred to the witness' recollection about the presence at the crime scene of a victim, Huero, and not Petitioner. (Transcript at 1010-11; Report and Recommendation at 17.) Petitioner does not show a reasonable probability that the result of his trial would have been different had his counsel conducted the same cross-examination as in the other defendant's trial.[1] *Strickland*

---

[1] The Court notes that Petitioner does not provide evidence that the other defendant was acquitted.

*v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Report and Recommendation at 16-17.)

    IT IS ORDERED that Judgment be entered dismissing this action.

DATED: AUG 25 2008

                                      ALICEMARIE H. STOTLER
                                      UNITED STATES DISTRICT JUDGE